COMMONWEALTH *vs.* DANIEL MAHONEY.

Essex.    November 5, 1890. — November 25, 1890.

Present: FIELD, C. J., DEVENS, W. ALLEN, HOLMES, & KNOWLTON, JJ.

*Intoxicating Liquors — Sale of Cider — Statutory Exemption.*

A sale of cider by the maker thereof, through a servant or a person hired by him for the purpose, is within the exemption of the Pub. Sts. c. 100, § 1, although the maker has the cider made at a neighboring cider-mill, and does not himself raise all the apples from which it is made.

COMPLAINT for maintaining a common nuisance, to wit, a tenement in Methuen, used for the illegal sale and keeping for sale of intoxicating liquors, between February 1, 1890, and July 20, 1890. Trial in the Superior Court, before *Sherman,* J., who reported the case for the determination of this court, in substance as follows.

One Shea hired and carried on a farm in Haverhill for the year 1888, and raised upon the farm about eight hundred bushels of apples. He also bought of other farmers in the neighborhood about five hundred bushels of apples, which he took to a neighboring cider-mill, and had cider made therefrom, at a certain price per gallon, as is the custom of farmers. Before December 1, 1889, twenty-one barrels of the cider were stored by Shea in a cellar, which he hired from the defendant, paying him therefor the rent of one dollar per month, and this contract of hiring continued throughout the period covered by this complaint. About February 1, 1890, Shea hired the defendant to

sell for him these twenty-one barrels of cider. The defendant during the time alleged sold fourteen barrels of the cider, in quantities of a gallon or more, in Lawrence and Haverhill, and at his house, where the cider was so stored. None of the cider so sold was to be drunk or was drunk upon the premises of the defendant or of Shea. The defendant asked the judge to rule that these facts, if believed by the jury, would not authorize a verdict of guilty.

The judge declined so to rule, and the defendant consented to a verdict of guilty. If there was error in the refusal of the judge so to rule, the verdict was to be set aside ; otherwise the verdict was to stand.

*C. A. De Courcy*, for the defendant.

*A. J. Waterman*, Attorney General, *& H. C. Bliss*, First Assistant Attorney General, for the Commonwealth.

HOLMES, J. The exemption in the Pub. Sts. c. 100, § 1, of " sales of cider . . . by the makers thereof," extends to sales by the makers through their servants or persons hired by them for the purpose, and protects the servants as well as the master.

The defendant's employer was none the less the maker of the cider sold by the defendant that he did not himself raise all the apples from which it was made, but bought a part from neighboring farmers. And he did not put himself outside the exemption by taking his apples to a neighboring cider-mill, and having the cider made from them there. The protection given to owners of apples by the act does not depend on how they get their apples ground.

*Verdict set aside.*